IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Hagemeyer North America Inc., | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 2:05-3425 |
| | ) | |
| vs. | ) | |
| | ) | **ORDER and OPINION** |
| Ellis Thompson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.     BACKGROUND

Plaintiff Hagemeyer North America, Inc. ("Hagemeyer") seeks attorneys' fees incurred in a dispute with former employee defendant Ellis Thompson ("Thompson"). Although subject to a non-compete Agreement with Hagemeyer, Thompson accepted employment with a direct competitor but voluntarily delayed starting the job until this dispute was resolved. In a March 1, 2006 order this court denied Hagemeyer's request for an injunction to enforce the Agreement. The court determined that Thompson's voluntary delay did not present an "imminent threat" to Hagemeyer to justify an injunction, but concluded that the Agreement was not void as a matter of law. Thompson's putative new employer, DH Supply, has since declared it will not employ him.

Hagemeyer now seeks over $80,000 in attorneys' fees. Thompson has also filed a motion to dismiss, or alternatively, for summary judgment.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). When the

party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  Evidence should be viewed in the light most favorable to the nonmoving party.  <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 255 (1986).  However, a "mere scintilla" of evidence will not preclude summary judgment.  The court's inquiry is "not whether there is literally no evidence, but whether there is any [evidence] upon which a jury could properly . . . find a verdict for the party" resisting summary judgment.  <u>Id</u>. at 251.

The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted is to "test the sufficiency of the complaint," not to decide the merits of the action.  <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243-44 (4th Cir. 1999); Fed. R. Civ. P. 12(b)(6).  In considering dismissal, a plaintiff's well pleaded allegations are taken as true, and the complaint, including all reasonable inferences, is liberally construed in the plaintiff's favor.  See <u>Republican Party of North Carolina v. Martin</u>, 980 F.3d 943, 952 (4th Cir. 1992).  Dismissal under Rule 12(b)(6) is appropriate only "when it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." <u>Edwards</u>, 178 F.3d at 244.  Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss.  See <u>Colleton Reg'l Hosp. v. MRS Med. Review Sys., Inc.</u>, 866 F. Supp. 891, 893 (D.S.C. 1994).  A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  See <u>Bolding v.</u>

Holshouser, 575 F.2d 461, 464 (4th Cir. 1978).

### III.   DISCUSSION

####   a.   Attorneys' Fees

Both parties' arguments are based on paragraph 10 of the Agreement:

> 10)   REMEDIES.  The parties agree that in the event of the Employee's breach of any of his or her non-disclosure, non-solicitation or non-competition covenants set forth in Section 8 of this Agreement, if CamBar so elects, CamBar may institute proceedings at law or in equity in any court of competent jurisdiction to obtain damages with respect to breach and/or for specific performance of such covenants.  Employee further acknowledges that money damages alone would be an inadequate remedy for any violation or <u>attempted violation</u> of such covenants, and that CamBar, in addition to all other remedies, shall be entitled to injunctive relief against Employee and/or damages, as well as any attorneys' fees and costs incurred.  In the event that CamBar should seek injunctive relief against Employee, Employee hereby waives any requirement that CamBar submit proof of the economic value of any interest sought to be protected under such injunction or that CamBar post a bond or any other security.  Upon Employee's violation of his covenants set forth in Section 8 hereof, CamBar is entitled to suspend payments to Employee and to recover any payments already made as an offset to the costs and fees provided as remedies herein.  No single or partial exercise of any right, remedy, power or privilege hereunder shall in any way preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege.  The rights, remedies, powers and privileges herein provided are cumulative and not exclusive of any rights, remedies, powers or privileges provided by law.

Agreement ¶ 10 (emphasis added).  Pointing to the first sentence, Thompson contends damages and attorneys' fees are permitted only if employee breaches the Agreement. Hagemeyer notes the second sentence explicitly permits attorneys' fees for an attempted breach.  Numerous state court decisions reflect the concept that courts are to construe contracts in their entirety and not through isolated provisions.  The Agreement plainly provides for attorneys' fees for an attempted breach.

Thompson also suggests that even if the Agreement permits fees for an attempted

breach, he has made no attempt to violate the Agreement. Hagemeyer presumes Thompson's negotiation with DH, acceptance of employment with DH and legal challenge to the Agreement are attempts at violating the non-compete provision. It is also possible Thompson sought to comply with the Agreement. The Agreement's caveats permit some employment with competitors.[1] More importantly, Thompson waited while the legal process considered the Agreement's limitations on him, rather than immediately proceeding to employment with DH. Whether Thompson's actions constituted an attempted breach requires a degree of speculation by the court. As such, an award of attorneys' fees would be improper.

### b.    Motion to dismiss/summary judgment

Hagemeyer's complaint alleges breach of contract, breach of the duty of loyalty, and trade secrets violations. Thompson contends the court's denial of the injunction request undermines these claims:

> Thompson is delaying the start of his job with DH pending the resolution of this action. His possible employment presents a risk of irreparable harm, but not an imminent threat, since Thompson could decide not to pursue his DH position. The injury is contingent on Thompson's future decisions, which the court presumes this Order will influence. As such, Hagemeyer does not face a threat of imminent, irreparable harm sufficient to warrant injunctive relief. Hagemeyer's motion for a preliminary injunction is thereby denied.

Order at 6. The court only considered the high threshold necessary to grant injunctive relief; specifically, whether Thompson's pre-DH employment status posed a threat of "imminent, irreparable harm" to Hagemeyer. Thompson's subsequent decision not to

---

[1] For example, the Agreement permits Thompson to work for competing businesses outside Georgia.

proceed with DH does not extinguish the breach of contract claim. Under the Agreement, Thompson may not "directly or indirectly engage in or receive any business of a Conflicting Organization . . . in any capacity whatsoever. Agreement § 8. Whether Thompson's negotiation and acceptance of employment with DH constitutes a breach of § 8 is a disputed issue of fact precluding summary judgment.

The March 1 order did not address Hagemeyer's duty of loyalty or trade secret violation claims. Thompson's decision to delay employment with DH is not a basis to dismiss these claims. These claims are yet to be litigated or subject to full discovery, and therefore, summary judgment is also improper. See Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 243 (4th Cir. 2002) ("Generally speaking, summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.").

### III.    RECOMMENDATION

For the reasons stated above, it is therefore **ORDERED** that Hagemeyer's motion for attorneys' fees be **DENIED**.

It is further **ORDERED** that Thompson's motion to dismiss or for summary judgment as to all three claims be **DENIED**.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 21, 2006**
**Charleston, South Carolina**